UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-3703 GW (MRWx) | Date | March 24, 2019 |
| Title | First American Cinema v. Screen Media Ventures | | |

Present: The Honorable   Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**   ORDERS TO SHOW CAUSE

1. The Court spent the weekend reading the lawyers' breathless papers in this civil action. In particular, the Court reviewed Plaintiff's discovery motion, its ex parte request for expedited consideration, the defense opposition to that request (but no real submission regarding the discovery motion), and Plaintiff's reply. (Docket # 55, 62, 64, 65.) The Court also reviewed the parties' Rule 26 submission and Judge Wu's order referring the parties to me for settlement discussions in October 2018. (Docket # 46, 47.)

2. The request for an expedited hearing on the discovery motion is DENIED. Local Rule 37-3 states that, unless "the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an ex parte basis [including an application to shorten time] absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." Plaintiff contends that it will suffer if it does not obtain the requested discovery well before the late May 2019 discovery cutoff. (Docket # 62 at 3-4.)

3. However, Plaintiff did not serve what it describes as essential discovery requests until January 2019 – or at least two months after the parties' Rule 26 meeting and scheduling conference with the Court. (Docket # 46; 55 at 4.) Any exigency related to the discovery cutoff is likely attributable to Plaintiff's delay in commencing discovery. Moreover, if the Court takes up the motion on a regular basis (April 24 hearing noticed in the original motion), ample time exists to order relief if needed. The Court has no basis to expedite consideration of the matter. L.R. 37-3.

4. The defense's conduct in this action may be problematic as well. The discovery motion is not in the joint format required by Local Rule 37. Plaintiff's attorney submitted a lengthy declaration and numerous e-mails between the lawyers (sigh) suggesting that Mr. Kotarski refused to meet in person to discuss the discovery dispute. (Docket # 55-2 at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3703 GW (MRWx) | Date | March 24, 2019 |
|---|---|---|---|
| Title | First American Cinema v. Screen Media Ventures | | |

Pursuant to L.R. 37-4, he is ordered to show cause why sanctions should not be imposed in this matter. He may discharge this OSC by submitting a declaration (NTE five pages) by April 5. Screen Media's substantive response to the discovery motion will be due by then as well.

5. While we're at it, Messrs. Pessah and Kotarski will <u>both</u> be ordered to show cause why they shouldn't be sanctioned for failing to arrange a settlement conference with Judge Wilner after asking for and receiving that referral from Judge Wu in October. (Docket # 47.) The experienced lawyers involved in the case surely know the local practice of reaching out to chambers to initiate settlement proceedings. Neither side did so in this case, likely in violation of the district judge's order. I would like to know why. Declarations from each of you by April 5 on this issue, too.

6. Returning to the discovery dispute, the parties' later filings on the scheduling issue suggest that the defense has provided (or is reasonably close to providing) responsive materials. That may mean that key aspects of the original motion are moot.

7. I don't spend time ruling on moot motions. Your choices are: (a) to submit extensive supplemental briefs by April 12 updating the Court about the status of the discovery dispute; or (b) getting on the phone for a brief call with me to tell me what's going on. The parties may jointly e-mail the chambers mailbox with several proposed times for a call late in the week of March 25 or early in the following week. Alternatively, if the dispute is resolved in the coming days, the motion may be voluntarily dismissed with no further consequences.